## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RADFORD MABERY,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-01068-JD |
| | ) | |
| SGT FNU HAMMON, individually and | ) | |
| official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff, a state prisoner appearing *pro se*, filed this action on December 19, 2022

[Doc. No. 1], seeking relief under 42 U.S.C. § 1983. Plaintiff also filed an application for

leave to proceed *in forma pauperis*. [Doc. No. 2]. The Court referred this action to United

States Magistrate Judge Gary M. Purcell for initial proceedings pursuant to 28 U.S.C.

§ 636(b)(1)(B). [Doc. No. 4].

On December 20, 2022, Judge Purcell issued an Order to Plaintiff to Cure

Deficiency, requiring Plaintiff by January 7, 2023, to provide the Court with the certified

copy of the statement of his institutional account. [Doc. No. 5].[2] The record reflects that a

---

[1] Plaintiff is Radford Maybery, Oklahoma Department of Corrections Inmate #422003. The filings in this case indicate Radford Mabery.

[2] The application for leave to proceed *in forma pauperis* states: "You **MUST ATTACH** to this application and affidavit a certified copy of your institutional account statement (or institutional equivalent) for the six-month period immediately preceding the filing of this action. **You must obtain the certified copy of your institutional account statement** (or institutional equivalent) **from the appropriate official of each penal institution or jail at which you are or were confined during the six-month period immediately preceding the filing of this action**." [Doc. No. 2 at 3]. Plaintiff's

copy of the Order [Doc. No. 5] was mailed to Plaintiff on December 20, 2022, along with a copy of the *in forma pauperis* application form. However, the documents were returned, marked "Return to Sender" and "Unable to Forward." [Doc. No. 7]. Judge Purcell concluded that there was "an address error," and issued a Second Order to Plaintiff to Cure Deficiency. [Doc. No. 8 at 1 n.1]. The record does not reflect that a copy of Judge Purcell's Second Order to Plaintiff to Cure Deficiency [Doc. No. 8] was mailed to Plaintiff.

On February 2, 2023, Judge Purcell filed a Report and Recommendation [Doc. No. 9], in which he recommended that the Court dismiss the action without prejudice for Plaintiff's failure to comply with the Court's orders. Specifically, Judge Purcell stated that Plaintiff had failed to comply with the Court's order to cure deficiencies in his motion for leave to proceed *in forma pauperis*. Judge Purcell advised Plaintiff of his right to object by February 22, 2023, and that failure to timely object to the Report and Recommendation would waive appellate review of the recommended ruling. [Doc. No. 9 at 4]. The record reflects the Report and Recommendation was mailed to Plaintiff.

Plaintiff did not file a timely objection to the Report and Recommendation, but he did submit a couple of letters on March 20, 2023 and March 24, 2023. [Doc. Nos. 10 and 11]. In the letters, Plaintiff does not belatedly object to any portion of Judge Purcell's Report and Recommendation; instead, he inquired "about . . . filing fees being paid to the

---

application [Doc. No. 2] is missing the required certified copy of his institutional account statements from the appropriate official of each institution or jail at which he was confined during the six-month period immediately preceding the filing of his action on December 19, 2022.

Court for Case Number CIV-22-1068-JD [and] asks that the court show mercy on [his] behalf when Magistrate Judge Purcell gave the deadline of 22 Feb 23." Plaintiff also updated his address with the Court.[3]

The Court construes Plaintiff's letters as a request for an extension of time to the deadline given by Judge Purcell to either pay the filing fee or comply with the orders to cure the deficiencies. Although these letters are after the deadline to object to the Report and Recommendation, because there is no record that the Second Order to Cure Deficiencies was ever mailed to Plaintiff, in the interest of justice, the Court GRANTS Plaintiff an additional twenty-one (21) days to pay the filing fee or comply with Judge Purcell's orders to cure deficiencies on Plaintiff's application for leave to proceed *in forma pauperis*. If Plaintiff has not paid the filing fee in full or fully complied with Judge Purcell's orders to cure deficiencies within twenty-one (21) days of today, the Court will dismiss this action without prejudice to refiling without further notice or opportunity to comply.

The Court further DIRECTS that a copy of the docket in this action, this Order, and [Doc. Nos. 2–9] be mailed to Plaintiff. Plaintiff is reminded that even though he is proceeding *pro se*, he is subject to the Federal Rules of Civil Procedure and Local Civil Rules, like any other litigant, including Local Civil Rule 5.4, which requires *pro se* litigants to notify the Court by filing the form for change of address with the Court.

---

[3] Plaintiff inquires in his March 24, 2023 letter whether the Court has received the filing fee. The Court has not received the filing fee as of the date of this Order.

"Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4.

IT IS SO ORDERED this 30th day of March 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE